JULIO GARCÍA GUZMÁN, Petitioner, v. DISTRICT COURT OF SAN JUAN, JORGE LUIS CÓRDOVA DÍAZ, JUDGE, Respondent.

No. 333.   Argued January 15, 1940.—Decided January 25, 1940.

José F. Camuñas, for petitioners.   R. A. Gómez, Prosecuting Attorney, and Luis Janer, Assistant Prosecuting Attorney, for The People.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The petitioner prayed for a writ of mandamus ordering the respondent court to file away the criminal cases numbered 3996, 14785 and 14822, instituted against him for the crimes of assault with intent to commit murder, carrying weapons and violation of Act No. 14 of 1936 (Laws (2) p. 129). The petitioner bases his prayer on the fact that he was not brought to trial within 120 days as provided by Section 448 of the Code of Criminal Procedure.

The preliminary writ issued and the respondent court through its Judge Jorge Luis Córdova Díaz, answered stating under oath the following facts: that the arraignment in the three cases took place on June 23, 1939, that on that date the defendant entered a plea of not guilty and

requested that both misdemeanor cases be heard together with the felony case No. 3996, in which case he asked for a trial by jury. That on the following Oct. 10 the three cases were set for trial on November 13, 1939. That on November 1 the petitioner filed a motion praying for the filing away of the three cases because more than 120 days had elapsed and the trials had not been held, which motion was denied on the ninth of the same month after the parties were heard. On the following day the defendant filed a motion requesting the postponement of the trial in the three cases because his lawyer had pending for the same day that they had been set, a trial by jury in the District Court of Arecibo, and in this motion the defendant waived "his right to a speedy trial guaranteed to him by the laws of Puerto Rico", and on said date, Nov. 13, the attorney J. Valldejuly Rodríguez sent the following telegram to the District Court of San Juan:

"On road to Arecibo I notify that petitions for mandamus have been filed in the Supreme Court in the cases of García Guzmán, I am the only attorney familiar with the cases. I cannot be present, will appear in Supreme Court."

That in view of the motion filed by the defendant the trial in the three cases was postponed until set anew.

The reasons of the District Court for refusing to file away the case are stated by the judge of the lower court in the following manner:

"A. The District Court of San Juan was on vacation during the months of July and August, 1939, and therefore no trials by jury were held. In the month of August a special calendar of misdemeanor cases was called but it was not possible to include cases No. 14,785 and 14,822 against the defendant in this calendar because he had asked that these be heard together with the felony case which was to be tried by a jury according to defendants own request.

"B.—Due to the death of the Hon. Pablo Berga to whom the criminal term for felony cases which began on September 1, 1939 and which will end on February 1, 1940 corresponded, said criminal term was taken over during the months of September and October by two acting judges, and notwithstanding the zeal shown by these

judges and their ability, the very fact that they were acting judges tended to hinder their efforts to dispose of the accumulated felony cases pending before the court. On June 30, 1939, there were left, pending trial, to be heard in the term that began on September 1, 1939, 118 felony cases and during the months of July and August, 38 additional felony cases were accumulated to be heard in the term that began on September 1, 1939.

"C.—That notwithstanding the aforesaid facts and the fact that there were very many felony cases pending trial, and not on the request of the accused, the court, through one of its acting judges, within the 120 days after the complaints were filed in the cases to which the petitions for mandamus refer, or that is, on October 10, 1939, set said cases for trial, although the date set did not fall within the 120 days.

"D.—That for the reasons stated, your respondent is of the opinion that a delay of 26 days in one case and 30 days in the other two, in excess of the 120 days provided for by the statute, is fully justified and that the defendant had the opportunity to have a speedy trial under the stated circumstances, that he did not take this opportunity but waived his right to a speedy trial in requesting and obtaining the postponement of the trials set for November 13, 1939."

At the hearing had before this Court on the 15th of this month at 2 p.m. the petitioner offered no evidence whatsoever to prove the allegations of the petition. The Prosecuting Attorney offered the records in the three cases against the accused, and they were admitted without opposition, these records upholding the answer of the respondent court in regard to parts 1–7 both inclusive.

Section 448 of the Code of Criminal Procedure invoked by the accused does not require an impossibility when it provides that the case shall be filed away "unless good cause to the contrary is shown." Besides the waiver of a speedy trial by the defendant made in his motion for postponement on the 10th of last November, there was, in our opinion, a good cause which prevented the holding of the trial within the 120 days provided by the statute.

Therefore, the petition for a writ of Mandamus must be denied.